# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN'EL BAILEY, | Case No. 1:17-cv-01262-SKO HC |
| Petitioner, | ORDER DISMISSING PETITION AS UNTIMELY |
| v. | |
| M.E. SPEARMAN, Warden, | (Doc. 1) |
| Respondent. | |

## SCREENING MEMORANDUM

Petitioner, John'El Bailey, a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenges his four year prison sentence for assault with a deadly weapon. He raises three claims: (1) the plea was not voluntarily and intelligently made; (2) the illegality of the sentence under California law; and (3) he is actually innocent. Because the petition is untimely, the Court will dismiss it.

### I. Procedural and Factual Background

On April 19, 2012, Petitioner pled no contest to assault with a deadly weapon (Cal. Penal Code § 4501). (Doc. 1 at 26.) The court sentenced Petitioner to a four-year term of imprisonment. *Id*. at 32.

//

Petitioner did not directly appeal his conviction; instead, Petitioner filed a writ of habeas corpus in Kings County Superior Court on December 1, 2016, which the Court denied on January 11, 2017. *Id*. at 41-42. The appellate court denied Petitioner's contention that the trial court failed to properly advise him of his rights or imposed an illegal sentence. *Id*. The Fifth Appellate District Court of Appeal denied the petition for writ of habeas corpus on February 15, 2017, and the California Supreme Court denied the petition on June 28, 2017.

On September 21, 2017, Petitioner filed his federal petition in this Court.

## II. **The Federal Petition Is Untimely**

### A. **Commencement of the Statutory Limitations Period**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA provides a one-year period of limitation in which a petitioner may file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period is measured from the latest of:

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing a State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, Petitioner did not seek direct review in the state court. The federal statutory limitation period began on June 19, 2012, following the expiration of the 60-day period in which to seek review in the California Court of Appeal. Absent tolling, the one-year statutory limitation period expired on June 20, 2013.

**B. Tolling of Statutory Limitation Period**

The limitation period is tolled during the pendency of a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). As detailed in the procedural and factual background above, Petitioner filed his habeas petition with the Kings County Superior Court on December 1, 2016.

Under California law, "a state prisoner may seek review of an adverse lower court decision by filing the original petition (rather than a notice of appeal) in the higher court, and that petition is timely if filed within a 'reasonable time.'" *Evans v. Chavis*, 546 U.S. 189, 192-93 (2006). "As long as the prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision; and (2) the day he filed a petition in the higher state court." *Id.* at 193.

When the state court has explicitly ruled that the gap period between the lower court's decision and the prisoner's filing of an appeal or new petition was unreasonable, a federal court need conduct no further inquiry. *Carey v. Saffold*, 536 U.S. 214, 225-26 (2002). If the state court did not explicitly state whether the gap period was reasonable or unreasonable, the federal court must look to the state supreme court's decisions to determine whether the state would consider the second action to have been filed within a reasonable time. *Evans*, 546 U.S. at 198.

In California, unjustified delays greater than six months are clearly unreasonable. *Id.* at 201. The Ninth Circuit agreed that in the absence of unusual facts justifying further delay, "a time gap in excess of six months was too long." *Waldrip v. Hall*, 548 F.3d 729, 731 (9th Cir. 2008). In many cases, shorter gaps have been found unreasonable. *See, e.g., Stancle v. Clay*, 692 F.3d 948, 956 (9th

3

Cir. 2012) (denying tolling for an 82-day delay); *Velasquez v. Kirkland*, 639 F.3d 964, 967-69 (9th Cir. 2011) (denying tolling for 80 and 91-day gaps); *Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010) (finding 146-day gap unreasonable); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (*per curiam*) (no tolling for delays of 101 and 115 days).

The statutory limitations period began on June 19, 2012, and ran for 1,626 days, or over 4 years, before Petitioner filed a habeas petition in the Kings County Superior Court on December 1, 2016. Under the cases summarized above, Petitioner is not entitled to tolling during the 1,626 day gap. A four year delay in filing a habeas petition is unreasonable. Therefore, filed on September 21, 2017, the above-captioned petition is untimely.

## III. No Actual Innocence

Petitioner contends that he is not procedurally barred from bringing his claims because he is "actually innocent" of the charged offense. (Doc. 1 at 22.)

A prisoner's actual innocence, if proven, permits him to circumvent the statute of limitations. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). "[T]enable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. "[T]he *Schlup* standard is demanding and permits review only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quote omitted).

In evaluating an actual innocence claim, "[t]he court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." *Id.* To do so, the court must consider the "overall, newly supplemented record," including the credibility of the witnesses presented at trial. *Id.*

"To be credible, [ ] a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific

4

evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Here, Petitioner claims that he had a defense to the charge in that the fight that precipitated the weapons charge was "actually a mutual combat initiated by the victim in this case." (Doc. 1 at 20). Although Petitioner alleges a new defense, Petitioner has provided no evidence in his petition to support his actual innocence allegation. Therefore, his actual innocence claim does not create a new basis for Petitioner to pursue habeas relief despite the untimeliness of his claim.

**IV.     Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>         (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>         (B) the final order in a proceeding under section 2255.
>
>     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>     (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that the above-captioned habeas petition is untimely to be debatable or wrong. Accordingly, the Court should decline to issue a certificate of appealability.

## V. Conclusion

The Petition for Writ of Habeas Corpus is untimely. Accordingly, the Court hereby ORDERS that:

1. The Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE.

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated: **October 24, 2017**        /s/ *Sheila K. Oberto*
                                UNITED STATES MAGISTRATE JUDGE